**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ANDRE MONIZ, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **Civil Action No. 10-40107-TSH** |
| | ) | |
| ONE WEST BANK, FSB, | ) | |
| FEDERAL NATIONAL MORTGAGE | ) | |
| ASSOCIATION, and | ) | |
| A&B FINANCIAL GROUP, INC., | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF DECISION ON MOTION OF DEFENDANT FNMA TO DISMISS**
**OR FOR SUMMARY JUDGMENT (Docket No. 31)**
**January 10, 2013**

**HILLMAN, D. J.**

**Background**

Andre Moniz ("Moniz" or "Plaintiff") has filed suit against financial institutions and loan

services providers after foreclosure proceedings were initiated against his home at 188 Great Road,

Shirley, MA [1]. He asserts claims for: violation of the Massachusetts Predatory Home Loan Practices

Act ("MPHLPA"), Mass.Gen.L. ch. 183C; violation of the Massachusetts Consumer Credit Cost

Disclosure Act ("MCCCDA"), Mass.Gen.L. ch. 140D, §33(c); violation of the federal Real Estate

Settlement Procedure Act ("RESPA"), 15 U.S.C. §1641(f)(2); and violation of the Massachusetts

---

[1] On May 17, 2012, this Court (Saylor, D.J.) granted the Motion of Defendant OneWest Bank, FSB To Dismiss Or For Summary Judgment (Docket No. 19) for the reasons stated in open court. *See Moniz v. OneWest Bank, FSB,* 10-cv-40107-TSH, at *Electronic Clerk's Notes* entered May 17,2012; *see also* Transcript of May 17, 2012 hearing (*Tr.*), at pp. 10-11.

Consumer Protection Act ("Chapter 93A"), Mass.Gen.L. ch. 93A.  Specifically, he asserts that in

the originating and closing of that loan, IndyMac failed to make disclosures required by the

MPHLPA, the MCCCDA and/or RESPA.  In addition to money damages, Moniz seeks equitable

relief in the form of a declaratory judgment that the home loan is unenforceable, discharge of the

mortgage, a permanent injunction against foreclosure of the mortgage and/or rescission of the home

loan.  At the same time, Moniz seeks to retain possession of his home and to be excused from

repaying the loan proceeds.

Defendant, Federal National Mortgage Association ("FNMA"), has filed a motion to dismiss

Moniz's claims pursuant to Fed.R.Civ.P. 12(b)(6).  In the alternative, FNMA asserts that it is

entitled to summary judgment pursuant to Fed.R.Civ.P. 56.[2]

### Standard of Review

When deciding a motion for summary judgment, the Court construes the facts in a light most

favorable to the non-moving party.  *Benoit v. Tec. Mfg. Corp.,* 331 F.3d 166, 173 (1st Cir. 2003).  To

prevail on a motion for summary judgment, the moving party must establish the non-existence of any

genuine issue of fact material to a judgment in its favor.  *Snow v. Harnishfeger Corp.*, 12 F.3d 1154,

1157 (1st Cir. 1993); *see also Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986) ("[t]he

mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine issue

of underlying material fact.") (emphasis in original).  "[A]n issue is 'genuine' when the evidence is

---

[2] FNMA has included matters outside the pleadings and therefore, its motion will be treated as one for summary judgment in accordance with Fed.R.Civ.P. 12(d).  Because all parties were on notices that the motion was one that could be treated as seeking summary judgment, they need not be given an opportunity file any supplemental materials.  In any event, FNMA has filed a statement of material facts and Moniz has filed objections thereto, in accordance with LR, D.Mass. 56.1.  Therefore, it is apparent from the record that all parties have had a reasonable opportunity to present all materials and information which they deem relevant should the motion be treated as one for summary judgment. *Accord Santoni v. Potter*, 222 F.Supp.2d 14 (D.Me. 2002).

such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact

is 'material' when it might affect the outcome of the suit under the applicable law.  The non-moving

party bears the burden of placing at least one material fact into dispute after the moving party shows

the absence of any disputed material fact". *Miller v. Verizon Comm., Inc.*, 474 F.Supp.2d 187 (D.Mass.

2007)(internal citation and citation to quoted case omitted).

### Facts

The following facts are undisputed.[3]

On June 4, 2007, Moniz obtained a mortgage loan from IndyMac Bank, FSB ("IndyMac"),

a federal savings bank, to refinance his residence at 118 Great Road , Shirley, MA.  The mortgage

is in the amount of $295,000.  Moniz was given a copy of the loan papers at the time of signing.

The loan was originated by A&B Financial Group, Inc. ("A&B")[4].  OneWest, FSB

("OneWest"), a federally chartered savings bank, did not come into existence until March 19,

2009.  OneWest is wholly independent of A&B[5]; it has never owned, operated, managed or

controlled A&B, or had any financial interest in A&B and A&B has never owned, operated,

managed or controlled OneWest or had any financial interest in OneWest.  OneWest had no role in

---

[3] Moniz filed an "Additional Statement of Undisputed Facts" supported by his own affidavit.  Some of the factual statements are legal conclusions, but more importantly, all are irrelevant to the issues raised in the motion for summary judgment, that is, none of them create genuine issues of material fact.

[4] A&B is apparently out of business. It has not appeared in this action.

[5] Moniz objects to this fact on the grounds that he cannot admit to such allegation without the opportunity to cross-examine.  However, where the opposing party alleges a statement of fact and cites to supporting authority, the opposing party cannot dispute the fact without citing to conflicting evidence in the record.  It should be noted that while Moniz disputes this allegation, he admits the remainder of the allegation, that is, that neither entity has any ownership, management or financial interest in the other.

the origination or closing of the loan and did not communicate with Moniz with respect to the

origination or closing.

IndyMac failed in July 2008.  The Federal Deposit Insurance Corporation ("FDIC") was

appointed IndyMac's receiver; IndyMac's assets were transferred to IndyMac Federal Bank, FSB

("IndyMac Federal"), including the servicing rights to Plaintiff's loan.  In March 2009, when

IndyMac Federal failed, the FDIC, as the receiver for IndyMac Federal, transferred certain of

IndyMac's assets to OneWest, including the servicing rights to Plaintiff's loan.  Under the

agreement between the FDIC and OneWest concerning the acquired servicing rights, OneWest did

not acquire any of the liabilities of IndyMac or IndyMac Federal; the FDIC retained such

liabilities.      Moniz's loan named the Mortgage Electronic Registration Systems, Inc. ("MERS")

as the nominee for IndyMac.  IndyMac was the original servicer of the loan.  On March 4, 2009,

after the Office of Thrift Supervision closed IndyMac and appointed the FDIC as receiver, MERS

assigned Plaintiff's mortgage to IndyMac Federal via an assignment of mortgage.  The FDIC, as

IndyMac Federal's receiver, assigned Plaintiff's mortgage to OneWest in an assignment of

mortgage dated October 7, 2009.  The assignment of mortgage states that it is effective as of

March 19, 2009, the date the FDIC transferred IndyMac's assets to OneWest.

A provision of Moniz's mortgage entitled "Transfer of Rights in the Property" states as

follows:

> The Security Instrument secures to Lender (1) the repayment of the Loan, and all
> renewals, extensions and modifications of the Note and; and (ii) [sic.] the
> performance of Borrower's covenants and agreements under this Security
> Instrument and the Note.  For this purpose, Borrower does hereby mortgage, grant
> and convey to MERS (solely as nominee for Lender and Lender's successors and
> assigns) and to the successors and assigns of MERS, with power of sale, the
> following described property ...

Furthermore, Section 22 of the mortgage, entitled "Acceleration; Remedies" states:

> ... If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law ... .

FNMA invested in the loan in 2007.  OneWest, which holds the note and is assignee of the mortgage, is the servicer of the loan on behalf of FNMA.  *Dec. of Rebecca Marks In Supp. Of FNMA's Reply To Pl's Opp. To Its Mot. To Dismiss Or For Sum. J.* (Docket No. 48), at ¶¶ 7, 8.

## Discussion

FNMA seeks summary judgment on the grounds that Plaintiff has failed to allege any facts, offer any evidence, or state valid legal theory under which it is liable to him, or is a necessary party in the lawsuit to prevent foreclosure. More specifically, FNMA argues that because OneWest has authority to foreclose on the mortgage and because OneWest is not liable to Moniz with respect to any of his claims, Moniz fails to state any valid theory of recover against it.  At the hearing, FNMA also argued that in entering summary judgment on behalf of OneWest, Judge Saylor found that Moniz's claims were federally preempted--  a finding that should be applied to bar Moniz's claims against it.

Although the Amended Complaint (Docket No. 14) is somewhat unclear, it appears that Moniz is asserting the following claims against FNMA as the owner or holder of the loan: (1) violation of the MPHLPA (Count I); (2) determination of extent of mortgage lien and discharge of the same (Count II); (3) determination of extent of mortgage lien and discharge of the same because MERS, which purported to assign the mortgage, was acting as a nominee and therefore, there could be no unity of interest between the owner of the loan and the assignee of the mortgage– consequently and, any transfer of the mortgage to OneWest was invalid (Count III);

(4) violation of the MCCCDA (Count IV); (5) violation of Mass.Gen.L. ch. 93A (Count VI); and

(6) violation of the Massachusetts Truth in Lending Act, Mass.Gen.L. ch. 140D for understating

the disclosed finance charge by $35 (Count VII).   Moniz asserts an additional claim solely

against OneWest for violation of RESPA(Count V).

> In ruling on OneWest's motion for summary judgment, Judge Saylor found as follows:
>
> 1.  OneWest is a federally chartered savings bank which purchased assets or rights of IndyMac or IndyMac Federal from the FDIC. However, the FDIC retained all of the related liabilities.  To the extent that Plaintiff's claims are based on or arise out of the acts of IndyMac in originating or closing the loan, any such liability with respect thereto would remain with the FDIC.  For that reason, summary judgment was granted in OneWest's favor with respect to Counts One, Five, Six and Seven.
>
> 2.  To the extent that Moniz asserted state law claims under the MPHLPA, or Chapter 93A, Judge Saylor found such claims preempted because OneWest is a federally chartered savings bank.
>
> 3.  Summary Judgment was granted with respect to Count Two and Count Three because OneWest validly holds the mortgage and under Massachusetts law, unity of ownership of a mortgage and the underlying note is not required in order to foreclose.
>
> 4.  Judge Saylor found that Plaintiff's claim for violation of the MCCCDA is preempted and that, in any event, the undisputed facts are that he did receive a copy of the Truth in Lending Act disclosure at the time the loan was closed. Furthermore, as the servicer, OneWest would not be liable under Chapter 140D.
>
> 5.  OneWest was entitled to summary judgment with respect to Plaintiff's claim under RESPA because that liability did not transfer to OneWest (any such liability would remain with the FDIC).
>
> 6.  To the extent that Moniz is seeking to rescind the loan, he must either return the loan proceeds (less any payments made on the loan) or tender that amount. Plaintiff has failed to do so.  Therefore, Judge Saylor entered summary judgment for OneWest on Moniz's claim for violation of the Massachusetts Truth in Lending Act (Count VII).

*Tr.*, at pp. 7-11.

It is not clear to the Court that FNMA, an investor in the loan in 2007, stands in the same shoes as OneWest, which purchased its interest in the mortgage from the FDIC. Therefore, FNMA has not established that it is entitled to summary judgment on the same legal grounds that Judge Saylor entered summary judgment for OneWest. Nevertheless, for the reasons set forth below, Judge Saylor's factual and legal rulings, which I find to be the law of the case, ultimately require that summary judgment be granted for FNMA.

Judge Saylor has previously ruled  that the mortgage validly rests with OneWest. Because in Massachusetts there need not be unity of ownership between the mortgage holder and the owner of the loan and because FNMA has no interest in the mortgage, it is entitled to summary judgment on all of Plaintiff's claims which relate only to the mortgage. Therefore, FNMA is entitled to summary judgment with respect to Counts II and III. Judge Saylor found that Moniz has failed to return the loan proceeds or tender the same and therefore, he cannot seek to rescind the loan; FNMA is, therefore, entitled to summary judgment with respect to Count VII.

The remaining claims asserted against FNMA are for violation of MPHLPA (Count I), and violation of Chapter 93A, the Massachusetts Consumer Protection Act (Count VI); these claims are independent of the mortgage and relate to alleged misconduct at the time that the loan originated. Judge Saylor found that OneWest was entitled to summary judgment on these claims either because they were preempted (because OneWest is a federally chartered savings bank) and/or any liability with respect to such claims would remain with the FDIC (as OneWest purchased its interest independent of liabilities). Because OneWest and FNMA are on different legal footing, Judge Saylor's finding with respect to OneWest does not compel a finding that FNMA is entitled to summary judgment on these claims. At the same time, Plaintiff's Amended Complaint fails to make any factual allegations, nor has Plaintiff asserted any legal theory which

7

would support a finding that the FNMA, an investor in the loan, would be liable to him for

violations, if any, which occurred at the loan closing.  Therefore, FNMA is entitled to summary

judgment with respect to these claims.[6]

Conclusion

Accordingly, the Motion of Defendant FNMA to Dismiss or for Summary Judgment

(Docket No. 31) is ***granted***.  Judgment shall enter for the Federal National Mortgage

Association.


**/s/ Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[6] Although the issues are not before the Court, it should be noted that even if these claims were to survive, going forward, Moniz would be facing perhaps even higher hurdles with regard to whether such claims are barred by applicable statutes of limitations or, with respect to the Chapter 93A claim, for failure to serve a timely demand letter.